UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNY J. MENDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. CONTRERAS, et al.,<br><br>    Defendants. | Case No. 22-cv-04677-TLT<br><br>**ORDER OF SERVICE** |

Plaintiff, a prisoner at Pelican Bay State Prison (PBSP), has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that six defendant PBSP correctional officers used excessive force on him in January 2021.  ECF No. 1.  Plaintiff's complaint is before the Court for screening pursuant to pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1    claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
2    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
3    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
4    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
5    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
6    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
7    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

8    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
9    that a right secured by the Constitution or laws of the United States was violated, and (2) that the
10   alleged violation was committed by a person acting under the color of state law. *See West v.*
11   *Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff alleges that defendant Contreras threatened him on January 21, 2021, while escorting him to the medical building, by commenting that if he "fucked with any c/os" he would end up in an ambulance. ECF No. 1 at 6. Plaintiff learned later that day that an inmate was killed in his cell. *Id.*

Plaintiff alleges that the next day, after he refused to take a COVID test, defendants Taylor and Evans grabbed him and body slammed him to the ground and defendant Contreras kneed him in the back. *Id.* at 7. Defendant Taylor banged his head into the ground, and defendants Evans and Shaad put him in leg restraints and applied pressure to his body. Defendant Taylor punched him in the head numerous times while defendants Contreras, Taylor, Maylin, Evans, and Shaad were applying pressure with their bodyweight to his back. *Id.* Defendant sergeant Northup "was just standing the[re] watching instead of trying to stop his fellow officers from using excessive physical force." *Id.* at 8.

Plaintiff alleges that defendants retaliated against him "because of the recent assaults on staff." *Id.* He seeks declaratory relief and compensatory and punitive damages. *Id.* at 9-10.

Liberally construed, plaintiff has stated a cognizable claim against all six defendants of excessive force in violation of the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319

1    (1986) (Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton

2    infliction of pain" on a convicted prisoner).

## CONCLUSION

4    For the foregoing reasons, the Court orders as follows:

5    1.   The Court ORDERS that service on the following defendants shall proceed under
6    the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for
7    civil rights cases from prisoners in the CDCR's custody:

8        a.   C. Contreras

9        b.   J. Taylor

10       c.   J. Evans

11       d.   A. Maylin

12       e.   A. Shaad

13       f.   Sergeant L. Northup

14   In accordance with the program, the Clerk is directed to serve on the CDCR via email the
15   following documents: the operative complaint (ECF. No. 1), this Order of Service, a CDCR
16   Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order
17   on the plaintiff.

18   No later than 40 days after service of this order via email on the CDCR, the CDCR shall
19   provide the court a completed CDCR Report of E-Service Waiver advising the court which
20   defendant(s) listed in this order will be waiving service of process without the need for service by
21   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or
22   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service
23   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court
24   a waiver of service of process for the defendant(s) who are waiving service.

25   Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
26   defendant who has not waived service according to the CDCR Report of E-Service Waiver a
27   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
28   of this order, the summons and the operative complaint for service upon each defendant who has

not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1   motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*
2   *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available
3   administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"),
4   should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to
5   exhaust is not clear on the face of the complaint, defendants must produce evidence proving
6   failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence
7   viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to
8   summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment
9   should be denied and the district judge, rather than a jury, should determine the facts in a
10  preliminary proceeding. *Id.* at 1168.

11  If defendants are of the opinion that this case cannot be resolved by summary judgment,
12  they shall so inform the Court prior to the date the summary judgment motion is due. All papers
13  filed with the Court shall be promptly served on plaintiff.

14        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
15  and served on defendants no later than **twenty-eight (28) days** after the date on which
16  defendants' motion is filed.

17        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of
18  the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
19  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
20  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
21  any fact that would affect the result of your case, the party who asked for summary judgment is
22  entitled to judgment as a matter of law, which will end your case. When a party you are suing
23  makes a motion for summary judgment that is supported properly by declarations (or other sworn
24  testimony), you cannot simply rely on what your complaint says. Instead, you must set out
25  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
26  as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
27  documents and show that there is a genuine issue of material fact for trial. If you do not submit
28  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

8.     All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

6

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: Wednesday, January 4, 2023

TRINA L. THOMPSON
United States District Judge