UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNY J. MENDEZ,<br>　　　　　Plaintiff,<br>　　v.<br>C. CONTRERAS, et al.,<br>　　　　　Defendants. | Case No. 22-cv-04677-AMO<br><br>**ORDER RE SERVICE** |

On May 14, 2024, Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), filed a "Restated Original and First Supplemental Complaint."[1] ECF 52. He alleges that, since commencing this action under 42 U.S.C. § 1983 on August 15, 2022, correctional officers used excessive force on him in October 2022. *Id.* ¶¶ 35-48. Plaintiff's operative complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A.[2]

**DISCUSSION**

**A.　　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

---

[1] Plaintiff commenced this action *pro se*. ECF 1. On January 18, 2024, the Court appointed pro bono counsel. ECF 40. On May 13, 2024, the Court granted Plaintiff's unopposed motion for leave to file the operative complaint. ECF 51.

[2] The Court screened Plaintiff's original complaint and directed defendants to file an answer. ECF 10 at 4. As to the operative complaint, those defendants filed a waiver of reply under 42 U.S.C. § 1997e(g) and a demand for jury trial. ECF 53.

granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff alleges that he has experienced harassment and intimidation in retaliation for filing administrative complaints against defendants as well as his original complaint in this action. ECF 52 ¶ 35. On October 25, 2022, officers conducted a mass search of inmates' cells. *Id.* ¶ 36. The search was conducted by the same officers named in Plaintiff's original complaint – C. Contreras, J. Taylor, J. Evans, A. Maylin, A. Shaad, and Sergeant L. Northup. *Id.* One of those officers – Maylin – engaged in a physical altercation with Plaintiff. *Id.* Plaintiff was quickly detained by twenty officers, who piled on top of him. *Id.* The officers punched and beat him, and it was difficult for Plaintiff to stand or walk once he was upright. *Id.* Plaintiff's hands and ankles were then shackled, and he was escorted to the "Hobby Shop" by Officers Gonzalez and Garcia. *Id.* ¶ 37. Officers Garcia, Gonzalez, Evans,[3] and Loftin then beat Plaintiff so badly that he lost consciousness and could not stand or walk by the end of it. *Id.* ¶ 38-39. Liberally construed, these allegations state a cognizable claim against Officers Garcia, Gonzalez, Evans, and Loftin for using

---

[3] Evans was named as a defendant in the original complaint. ECF 1.

excessive force in violation of the Eighth Amendment and the California Bane Act, California Civil Code § 52.1.  *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton infliction of pain" on a convicted prisoner); *Sayres v. California*, No. 24-CV-00330-TLT, 2024 WL 1659900, at *2 (N.D. Cal. Apr. 16, 2024) (finding that plaintiff stated a cognizable claim under the Bane Act where he alleged that the defendants acted with reckless disregard for his constitutional rights).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. Officer Garcia

    b. Officer Gonzalez

    c. Officer Loftin

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF. No. 52), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons.  Appointed counsel shall provide Plaintiff with a copy of this order.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons

1   and the operative complaint for service upon each defendant who has waived service.  The Clerk

2   also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3       2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

4   requires defendants to cooperate in saving unnecessary costs of service of the summons and

5   complaint.  If service is waived, this action will proceed as if defendants had been served on the

6   date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be

7   required to serve and file an answer beforeسixty (60) days from the date on which the CDCR

8   provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

9   Office. (This allows a longer time to respond than would be required if formal service of summons

10  is necessary.)  If defendants have not waived service and have instead been served by the USMS,

11  then defendants shall serve and file an answer within twenty-one (21) days after being served with

12  the summons and complaint.

13      3.      Defendants shall answer the complaint in accordance with the Federal Rules of

14  Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

15          a.      No later than sixty (60) days from the date their answer is due, defendants

16  shall file a motion for summary judgment or other dispositive motion.[4]  The motion must be

17  supported by adequate factual documentation, must conform in all respects to Federal Rule of

18  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

19  the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[5] notice

20  so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to

21  oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

22  in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss

23  for failure to exhaust available administrative remedies must be accompanied by a similar notice.

24  However, the Court notes that under the law of the circuit, in the rare event that a failure to

---

[4] The parties shall meet and confer in the event this order warrants any adjustment to the existing case schedule, *see* ECF 45, and shall propose any appropriate adjustment in the case management statement due August 1, 2024.  *See* ECF 49.  Only one summary judgment motion will be allowed per side absent leave of Court.  *See* Standing Order for Civil Cases ¶ E.1.

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than fourteen (14) days after the date on which defendants' motion is filed.

    c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that – in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint – a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than seven (7) days after the date plaintiff's opposition is filed.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

5. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them or via the CM/ECF system.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* Civil L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. *See* Civil L.R. 3-11(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed at least seven days prior to the deadline they seek to extend. *See* Standing Order for Civil Cases ¶ D.2.

**IT IS SO ORDERED.**

Dated: June 12, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**